## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

WILLIE K. HOWARD,
Plaintiff,

vs.

BURD BROTHERS, INC.,
Defendant

Case No. 1:14-cv-608

Barrett, J.
Litkovitz, M.J.

**REPORT
AND RECOMMENDATION**

Plaintiff Willie K. Howard, proceeding pro se, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, against his former employer Burd Brothers, Inc. (Burd Brothers), claiming Burd Brothers wrongfully discriminated against him on the basis of his race. This matter is before the Court on Burd Brothers' motion to dismiss (Doc. 10), plaintiff's response in opposition (Doc. 13),[1] and Burd Brothers' reply memorandum (Doc. 14).

**I. Background**

Plaintiff filed his complaint in this matter on July 30, 2014. (Doc. 1). The complaint asserts a claim against Burd Brothers for violations of plaintiff's rights under Title VII. The complaint sets forth the following factual allegations. Plaintiff was employed by Burd Brothers for approximately six months at the time he was discharged. On September 13, 2013,[2] pursuant to his employment with Burd Brothers, plaintiff was driving a truck that broke down on State

---

[1] Plaintiff filed a "Motion to Proceed" (Doc. 13) within the period of time by which he was to file a response to Burd Brothers' motion to dismiss. *See* S.D. Ohio Civ. R. 7.2 ("Any memorandum in opposition shall be filed within twenty-one days after the date of service of the motion."). The "Motion to Proceed" consists of plaintiff's representations as to the nature of his employment with Burd Brothers and the events giving rise to his discrimination claim. *See, generally*, Doc. 13. The Court therefore construes plaintiff's "Motion to Proceed" (Doc. 13) as his response in opposition to Burd Brothers' motion to dismiss.

[2] While plaintiff's complaint alleges these events occurred on September 13, 2014, a review of his filings with the Equal Employment Opportunity Commission and the Ohio Civil Rights Commission indicates that this is a typographical error. *See* Doc. 1, Ex. 2 at 2 (plaintiff reported to the Ohio Civil Rights Commission that he was discharged on September 17, 2013).

Route 747 due to a damaged drive shaft.  Plaintiff contacted the dispatch office and an individual named "Larry" arrived at plaintiff's location but did not leave his vehicle.  Plaintiff was collecting parts of the broken-down truck from the street and asked Larry what he was doing.  Larry told plaintiff to bring him the paperwork for the cargo load on the broken-down truck.  Plaintiff responded that he was busy and he refused to cross traffic during rush hour to hand Larry the requested paperwork.  Larry allegedly responded by calling plaintiff names.  Plaintiff continued picking up the truck parts and setting up a reflector.  Plaintiff later approached Larry, who was still sitting in a vehicle, and tried to hand him registration papers.  Larry allegedly told plaintiff to get away from his vehicle and proceeded to pull out a metal pole.  Plaintiff was surprised and commented that he did not believe Larry would hit him with the pole.  Larry then drove away and stated that he was going to get plaintiff fired.  Plaintiff contacted dispatch, reported the incident, and requested to speak with James Taylor, a manager at Burd Brothers.

Plaintiff subsequently met with Mr. Taylor, an individual named Kyle, and the owner of Burd Brothers.  Plaintiff was informed at this meeting that he was discharged from his employment with Burd Brothers.  Plaintiff was not asked any questions during the meeting and he was not given the opportunity to recount his version of the incident with Larry.

Plaintiff also alleges that he was harassed by a co-worker during his tenure at Burd Brothers.  The following excerpt from the complaint describes the alleged harassment:

> I was harassed by an employee name (sic) Wayne and I told Jame[s] Taylor the boss about it he did nothing saying that we didn't have to like each other to work together.  He work (sic) at a plant in [Kentucky] where he ran trailers around to the company every time I woudd (sic) come there he had something to say about how long I sit there which is nothing has (sic) to do with him.  So Fridays we would get our paychecks from him.  So one day I am over there to get the paychecks so was doing something he seen me waiting and so guy ask me did I

2

work for Burd Brothers I said yes we where (sic) talking for a minute than all of
[a] sudden this guy Wayne came from behind and stach (sic) my arm while I
was talking to this guy I got really upset.

(Doc. 3, Ex. 1 at 2-3). Plaintiff claims that he reported the harassment to management but
nothing was done.

Plaintiff has attached the Charge of Discrimination he filed with the Ohio Civil Rights
Commission (OCRC) to his complaint. (Doc. 3, Ex. 2 at 2). The OCRC Charge of
Discrimination includes the following allegations: [Plaintiff is] African American. On or about
September 13, 2013, [plaintiff] had a disagreement with a Caucasian coworker who told me he
was going to get me fired. On September 17, [plaintiff] was discharged by manager James
Taylor. [Plaintiff] was not given a reason for [his] discharge. Management did not want
[plaintiff's] side of the story before making its decision. (*Id.*).

Burd Brothers moves to dismiss plaintiff's complaint under Fed. R. Civ. P. 12(b)(6),
asserting that plaintiff's complaint fails to state a claim for which relief can be granted. (Doc.
10). Burd Brothers specifies that plaintiff's complaint lacks the necessary factual allegations to
state a cognizable Title VII racial discrimination claim, such as allegations that Burd Brothers'
actions were the result of racial animus. Burd Brothers argues that plaintiff's allegations are
nothing more than conclusory statements that lack the requisite plausibility and factual detail to
support his discrimination claim. (Doc. 10).

In his response, plaintiff relates some of the details of his employment with Burd
Brothers, such as maintaining he never broke any company rules during his employment.
Plaintiff also represents that he was the only African American driver working for Burd

3

Brothers. The remainder of the response is essentially a reiteration of the allegations in plaintiff's complaint. (Doc. 13).

## II. Standard of Review

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. It is well-settled that a document filed pro se is "to be liberally construed," and that a pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, the Sixth Circuit has recognized the Supreme Court's "liberal construction" case law has not had the effect of

"abrogat[ing] basic pleading essentials" in pro se suits. *Wells v. Brown*, 891 F.2d 591, 594 (6th

Cir. 1989).

### III. Resolution

Title VII prohibits discrimination in employment on the basis of "race, color, religion,

sex, or national origin." 42 U.S.C. §§ 2000e-2(a)(1); *see also* 29 C.F.R. § 1614.101(a). A

plaintiff who asserts a federal employment discrimination claim is not required to plead facts

establishing a prima facie case under the framework of *McDonnell Douglas Corp. v. Green*, 411

U.S. 792 (1973),[3] in order to state a claim for relief. *Gambill v. Duke Energy Corp.*, No. 1:06-

cv-724, 2007 WL 2902939, at *4 (S.D. Ohio Oct. 2, 2007) (citing *Swierkiewicz v. Sorema*, 534

U.S. 506 (2002)). *See also Lindsay v. Yates*, 498 F.3d 434, 440 (6th Cir. 2007).[4] "The prima

facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement."

*Swierkiewicz*, 534 U.S. at 510. A plaintiff "need allege only (a) the statutory basis for [his]

claims, and (b) the factual predicate of those claims, such that the defendants are 'apprise[d] . . .

of the [ ] claims and the grounds upon which they rest.'" *Dickinson v. Zanesville Metro. Hous.*

*Auth.*, 975 F. Supp.2d 863, 871 (S.D. Ohio 2013) (quoting *Lindsay*, 498 F.3d at 440).

Plaintiff's complaint does not allege sufficient facts to state a claim of Title VII race

discrimination. The complaint fails to provide any connection between plaintiff's race and his

termination. Indeed, plaintiff's discharge from Burd Brothers appears to be related to a singular

---

[3] To meet his burden at trial, a Title VII complainant must establish a prima facie case of discriminatory discharge by showing that (1) he is a member of a protected group; (2) he was subjected to an adverse employment decision; (3) he was qualified for the position; and (4) similarly situated nonprotected employees were treated more favorably or that he was replaced by someone outside his protected class. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010); *McDonnell Douglas*, 411 U.S. at 802.

[4] The Court in *Lindsay* confirmed that the law set forth in *Swierkiewicz*, 534 U.S. 506, remains good law after *Twombly*.

disagreement between himself and "Larry," the individual who responded to the scene of the truck breakdown. *See* Doc. 1, Ex. 1 at 1-3. While plaintiff's EEOC Charge of Discrimination provides that Larry is Caucasian, aside from the conclusory statement that plaintiff believes he was discriminated against on the basis of his race, the complaint contains insufficient supporting allegations for the Court to plausibly infer that plaintiff was discharged on the basis of his race. Moreover, the complaint does not contain any allegations showing that individuals outside of plaintiff's protected class were treated more favorably than plaintiff or that plaintiff was replaced by someone outside of his protected class. Although plaintiff is not required to plead all of the elements of a prima facie Title VII race discrimination claim, *see Swierkiewicz*, 534 U.S. at 508, the allegations in his complaint simply lack sufficient factual detail to reasonably infer that Burd Brothers terminated plaintiff's employment on the basis of his race. Plaintiff's complaint alleges, rather, that he was terminated after having a disagreement with a Caucasian coworker; however, "personal conflict does not equate with discriminatory animus." *Barnett v. Dept. of Veteran Affairs*, 153 F.3d 338, 343 (6th Cir. 1998) (internal quotations omitted). Given the absence of any factual allegations suggesting that Burd Brothers acted with racial animus in its decision to terminate plaintiff's employment, the motion to dismiss should be granted. *Cf. Keys v. Humana, Inc.*, 684 F.3d 605, 610 (6th Cir. 2012) (reversing the district court's dismissal of the plaintiff's complaint where the complaint alleged that the defendant had a pattern or practice of discrimination against minorities in, among other things, terminating employees and included details of several specific events recounting how the plaintiff was treated differently than her non-minority counterparts).

6

Plaintiff's complaint also fails to state a claim for race-based harassment under Title VII. Plaintiff may show race-based harassment by either (1) direct evidence of the use of race-specific and derogatory terms, or (2) comparative evidence about how the alleged harasser treated members of different races in a mixed-race work environment. *See Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80-81 (1998) (approving these methods in the analogous context of sexual harassment). Harassment is based on race when it would not have occurred but for the plaintiff's race; the harassing conduct need not be overtly racist to qualify. *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 706 (6th Cir. 2007). Plaintiff's complaint alleges that he was harassed by a co-worker named Wayne. (Doc. 3, Ex. 1 at 3). Specifically, plaintiff alleges that Wayne had something to say whenever plaintiff was around "about how long [plaintiff] s[a]t there" and that on one occasion Wayne came up from behind plaintiff and "stach (sic) his arm. . . ." (*Id.*). Plaintiff alleges that he reported these incidents to Burd Brothers and that manager James Taylor responded by saying that plaintiff and Wayne "didn't have to like each other to work together." (*Id.*). The type of harassment alleged by plaintiff does not state a claim under Title VII. There are no allegations that "Wayne" made any racially discriminatory remarks and there is no indication that the alleged harassment would not have occurred were it not for plaintiff's protected status. Accordingly, plaintiff's allegations fail to state a claim for race-based harassment under Title VII.

For the reasons stated above, the Court finds that plaintiff's complaint fails to state a claim for relief under Title VII and that Burd Brothers motion to dismiss should be granted. Accordingly, **IT IS HEREBY RECOMMENDED THAT** that Burd Brothers' motion to

7

dismiss (Doc. 10) be **GRANTED** and that plaintiff's case be **DISMISSED** from the docket of the Court.

Date: 4/30/15

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIE K. HOWARD,
    Plaintiff,

    vs.

BURD BROTHERS, INC.,
    Defendant

Case No. 1:14-cv-608

Barrett, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).